IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER BERNAL,

    **Plaintiff**

v.　　　　　　　　　　　　　　　　　　　　　　　　　　　　No. 1:23-cv-0564-JHR

MARTIN O'MALLEY,
Commissioner of Social Security,

    **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING
THE COMMISSIONER'S MOTION TO DISMISS [DOC. 8].**

This matter is before the Court on the Commissioner's Motion to Dismiss Plaintiff's Complaint as untimely. [Doc. 8]. Plaintiff Bernal responded [Doc. 11], and the Commissioner did not reply. The parties consented to U.S. Magistrate Judge Jerry H. Ritter presiding pursuant to Fed. R. Civ. P. 73. [Doc. 12]. Having reviewed the briefing and the relevant law, the Court DENIES the Commissioner's motion and allows Bernal's claim to proceed.

**I.    BACKGROUND**

An administrative law judge ("ALJ") issued a decision denying Bernal benefits on January 11, 2023. [Doc. 8, at 1]. The Appeals Council then denied review of the ALJ's decision and issued its notice of denial to Bernal on April 27, 2023. *Id.* Bernal thereafter filed his complaint in this Court on July 5, 2023. [Doc. 1]. The Commissioner filed the instant motion to dismiss in lieu of an answer. *See* [Doc. 8].

**II.    BRIEFING**

The Commissioner argues that Bernal filed his complaint after the applicable 60-day statute of limitations for requesting judicial review of an agency decision. [Doc. 8, at 3].

> Here, on April 27, 2023, the Appeals Council's denial notice advised Plaintiff of his right to commence a civil action within 60 days from the date of this notice, plus five days for mailings . . . Thus, Plaintiff had until July 3, 2023. Plaintiff's complaint was not filed until July 5, 2023, . . . making the complaint one day late.

*Id*. The Commissioner emphasizes that the 60-day limitations period must be strictly enforced "to move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Id.* (citation omitted). The Commissioner observes that Bernal did not file with the agency for an extension of time and argues Bernal cannot rely on equitable tolling to stop the limitations period expiring. *Id.* at 4–5. The Commissioner relies on 42 U.S.C. §§ 405(g)–(h) (§ 205(g)–(h) of the Social Security Act) and 20 C.F.R. § 422.210. *Id.* at 2, 3; [Doc. 8-1, at 3]. Even if Bernal explained why the complaint was late, the Commissioner maintains, he cannot show reasons that were extraordinary or beyond his control. [Doc. 8, at 5]. Thus, the Commissioner requests dismissal with prejudice. *Id.*

Bernal responds that he timely filed based on the date he received the Appeals Council's notice of denial. [Doc. 11]. Bernal explains that his counsel received the notice in the mail on May 5, 2023, and stamped that date on the notice per office policy. *Id.* at 1. Attachments demonstrate the firm's policy to stamp the date of document receipt. *See* [Docs 11-1, 11-2]. Because "60 days from the date the Notice of the Appeals Council Action was received by counsel" was the July 4th federal holiday, Bernal's complaint filed July 5, 2023, was timely. Doc. 11 at 1. Bernal acknowledges "counsel should have indicated the delay in receiving the Appeals Council decision" but maintains "this claim can proceed as the time to file [60 days] was properly met." *Id.* at 2.

### III.   LEGAL STANDARDS

The Commissioner styles the instant motion as a motion to dismiss. A court ruling on a motion to dismiss must only consider the facts pled in the complaint itself. *Gossett v. Barnhart*,

2

139 F. App'x. 24, 25 (10th Cir. 2005); *Apachito v. Berryhill*, No. 17-CV-0504 JCH/SMV, 2018 WL 354678, at *2 (D.N.M. Jan. 10, 2018), *report and recommendation adopted*, No. 17-CV-0504 JCH/SMV, 2018 WL 626258 (D.N.M. Jan. 30, 2018). The consideration of evidence outside the complaint converts the motion to dismiss into a motion for summary judgment. *See Apachito v*, 2018 WL 354678, at *2; Fed. R. Civ. P. 45.

Statutory and regulatory authority guide the timeline of appeal for judicial review. In that regard, 42 U.S.C. § 405(g) provides:

> "[A]ny individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of note of such decision or within such further time as the Commissioner of Social Security may allow;" and "[a]ny such request with respect to such a decision **must be filed within sixty days after notice of such decision is received** by the individual making such request."

42 U.S.C.A. § 405(g) (emphasis added). 20 C.F.R. § 422.210 provides further guidance on the filing and mailing timelines:

> Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council **shall be presumed to be 5 days after the date of such notice, <u>unless there is a reasonable showing to the contrary.</u>**

20 C.F.R. § 422.210(c) (emphasis added).

Courts in this District apply the "reasonable showing to the contrary" standard to evaluate whether late claims may proceed. *See Gossett*, 139 F. App'x at 26 (citing 20 C.F.R. § 422.210(c)); *Apachito*, 2018 WL 354678, at *2. There is no clear test for what constitutes a "reasonable showing" of mailing delay to overcome the 5-day presumption. *Apachito*, 2018 WL 354678, at *2. Courts generally agree that an affidavit alone swearing that the Appeals Council's denial notice

3

was received after the 5-day mailing period does not rise to a reasonable showing. *Id.* (collecting Tenth Circuit cases). However, additional evidence "demonstrating the actual receipt date, e.g., a copy of the post-marked envelope or a copy of the notice with a date-of-receipt stamp" may suffice for a "reasonable showing" rebutting the 5-day presumption. *Id.* (citing *Wiggins v. Colvin*, 2014 WL 3870009, at *1–2 (W.D. Okla. Aug. 6, 2014) (discussing that explanation of office practices for handling incoming mail along with "a copy of the date-stamped notice received by their office" rebutted the 5-day presumption)). Evidence for a reasonable showing need not be "robust." *See id.*

The Federal Rules of Civil Procedure dictate computation of time "in any statute that does not specify a method of computing time." Fed. R. Civ. P. 6(a). When the period is stated in days, such as 60 days in this case, the last (60th) day is included, "but if the last day is a … legal holiday, the period continues to fun until the same time on the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Thus, a deadline whose last day is the Fourth of July is extended by rule to the next following day "that is not a Saturday, Sunday, or legal holiday." *Id.*

## IV.    ANALYSIS

Because both sides attached evidence of the substance and timing of notice of the filing deadline, and because the matter cannot fairly be decided without consideration of that evidence, the Court will determine the matter according to the standard for granting summary judgment. While this procedural change generally requires notice to the parties, "courts in this District have found that no notice was required in similar circumstances,", i.e., when both parties attached extra material to their briefing and neither side objected to the other's attachments. *See Apachito v*, 2018 WL 354678, at *2[1] (citing *Gossett*, 139 F. App'x at 25). I find that the pertinent information

---

[1] *Apachito* also considered that the parties before that Court would have the chance to file objections to the magistrate judge's recommended disposition before it became final. I recognize that circumstance is not present in this case.

is presented within the existing attachments; I also find that the Commissioner had the opportunity to present additional rebuttal information in the reply and did not do so, implying that no such information exists.

The primary issue is whether Bernal's complaint was timely, i.e., was filed no later than 60 days after receipt of the Commissioner's final decision. 42 U.S.C.A. § 405(g). Agency regulations provide a presumption that receipt occurred five days after mailing of the final decision, rebuttable by "a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). Therefore, on the summary judgment standard the issue becomes whether, on the undisputed facts, Bernal is entitled to a conclusion that a complaint filed on July 5, 2023, was timely under the statute as informed by the regulation and interpreted according to the rule. *See* Fed. R. Civ. P. 56(a).

Bernal represents that counsel received the Appeals Council notice on May 5, 2023, three days after the presumptive receipt date of May 2, 2023. [Doc. 11]. Bernal supplied a copy of the received Notice of Appeals Council Action bearing a "May 05 2023" [sic] stamp in the top right corner. [Doc. 11-2, at 1]. Another faint stamp reading "Federal Court Appeal" also appears on the attached notice. *Id.* Bernal identified the date stamp as one affixed by his attorney's office staff in accordance with a specific and standard office procedure: "[i]t is the normal operating procedure in our law firm to open and date-stamp each piece of mail on the date it was received." [Doc. 11, at 1]. Bernal attached the relevant page in the firm's employee handbook reflecting this policy in context with other mandatory procedures that appear to apply to each workday: "Pick up incoming mail. Sort, date-stamp and file incoming mail." [Doc. 11-1, at 2].

The Court accepts Bernal's evidence that the Appeals Council's notice of denial was received after the presumptive five days. Thus, the last day to file a complaint within the 60-day deadline would be July 4, 2023 – a federal holiday when the courthouse was closed. As in

*Apachito*, the claim of receipt on May 5, 2023, is bolstered somewhat by the fact that Bernal filed his appeal on the last day of the properly calculated limitation period lending credence to Bernal's showing that he received the Appeals Council's notice outside the Administration's standard time frame. Even if the stamped notice and employee handbook excerpt do not amount to robust evidence, they are enough to reasonably rebut the 5-day mailing presumption. *See Apachito*, 2018 WL 354678, at *4. Since the Commissioner did not reply with evidence to the contrary, Bernal's reasonable showing is uncontested.

On the evidence presented, I find: Bernal made a reasonable showing that the date of receipt was May 5, 2023; the 60th day after receipt was a federal holiday; the next following day not a Saturday, Sunday, or legal holiday was July 5, 2023; and Bernal's complaint was filed on July 5, 2023. I therefore conclude that Bernal's finding was timely and the Commissioner's motion to dismiss should be denied.

## V.    CONCLUSION

The Court finds that Bernal has made a reasonable showing of late receipt of the Appeals Council notice which successfully rebutted the 5-day mailing presumption. The 60-day deadline to file this action therefore began on May 5, 2023, when Bernal's counsel received the notice. Properly calculated, Bernal's complaint filed on July 5, 2023, was timely.

**IT IS THEREFORE ORDERED** that the Commissioner's Motion to Dismiss [Doc. 8] is hereby **DENIED.** The Commissioner shall file an answer to the complaint and file the transcript **within 30 days of entry of this order.**

_____
HON. JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE